J. E. HULL, Appellee, v. R. C. DANNEN, Appellant.

**APPEAL AND ERROR:** Assignment of Error—Sufficiency. An assignment of error will be disregarded which fails to point out, in some fairly definite way, *wherein* the lower court committed error; likewise one which is so broad as to embrace, generally, every act of the court in admitting or rejecting evidence. *Held*, the following were too indefinite to raise any question:

1. ''The court erred in its ruling on the admission and exclusion of testimony as indicated in the bill of exceptions.''

2. ''The court erred in overruling defendant's motion for a new trial.''

**SALES:** Warranties—Construction. A specific written warranty may be read in the light of the competent testimony. So held as to a written warranty of the soundness of a horse.

PRINCIPLE APPLIED: Plaintiff, before buying a horse, thought he discovered a slight enlargement of the left hind hock, but de-

fendant (the owner) insisted that there was none. Finally, defendant conceded that there might exist some enlargement, but insisted that it was not of a serious nature. Defendant then gave a written warranty "that no spavin will develop on the left hind hock inside of 10 months, and, if said spavin or enlargement should enlarge to make him unsound, I agree to take the horse back." *Held*, in the light of the negotiations, this writing meant that a rescission might be had: First, if a spavin should appear inside the 10 months; second, if, as a mere unusual enlargement, and not as a spavin, the defect should progress in such a manner as to make the horse unsound.

SALES: Warranties—Patent Defect. There may be an express warranty against the consequences of a patent defect. So held in the warranty of a horse.

*Appeal from Marshall District Court.*—B. F. CUMMINGS, Judge.

MONDAY, APRIL 10, 1916.

ACTION at law for recovery of damages for breach of a written contract of warranty. Judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Bradford & Johnson,* for appellant.

*L. T. Shangle* and *F. E. Northup,* for appellee.

WEAVER, J.—On May 23, 1912, defendant sold to plaintiff a certain stallion at the agreed price of $350. As a part of that transaction, the parties entered into a written agreement as follows:

"GUARANTEE.

"I this day sold the stallion, Herperst, to J. E. Hull, and guarantee that no spavin will develop on the left hind hock inside of 10 months. If said spavin or enlargement should enlarge to make him unsound, I agree to take the horse back and return the price paid for him, said horse to be returned to me in as good condition otherwise.

"R. C. Dannen.

"J. E. Hull."

This action was brought, August 12, 1913, on the foregoing instrument. The petition alleges that plaintiff took the horse into his possession pursuant to his purchase; that a spavin did within 10 months develop on the left hind hock of the animal, and the sprain or enlargement referred to in the writing did enlarge in a manner to make such animal unsound; and thereafter, and within the period of 10 months from the date of the purchase, plaintiff notified defendant of the fact, and offered to return the horse to him in as good condition otherwise as when plaintiff received it, and demanded of defendant the surrender or return of the promissory note given him for the purchase price; but defendant refused to receive the horse or return the note. Plaintiff further says that, by reason of defendant's refusal to receive the horse, he has been compelled to keep, care and provide for it, and that the reasonable value of the service so rendered is $20 a month. Upon the foregoing allegations, he asks judgment against defendant for $570.

The defendant admits the sale of the horse to plaintiff as alleged and the execution of the writing sued upon, but denies that there has been any breach of the terms of the warranty. There was a jury trial, and verdict and judgment for plaintiff for $510.

The only errors upon which appellant relies for a reversal are stated in his brief as follows:

"The court erred in its rulings on the admission and exclusion of testimony as indicated in the bill of exception. The court erred in overruling defendant's motion for a new trial. The court erred in giving instruction No. 8, which was duly excepted to at the proper time."

1. APPEAL AND ERROR: assignment of error: sufficiency.

The first and second of these specifications are not only too indefinite to call for any consideration by this court, but neither has been argued by counsel, and we pass them without further notice.

The instruction to which exception is taken is as follows:

"If you find from a preponderance of evidence that upon

the horse in question, bought by plaintiff of defendant, there did develop a spavin on the left hind hock within 10 months from the time of the sale, and that said spavin or enlargement did make the horse unsound, then there has been a breach of the conditional guaranty or warranty under which the horse was sold, and you should find for the plaintiff on this point."

2. SALES: warranties: construction.

Stating it in counsel's own language, the objection to the instruction is this: That the court, instead of using the words "did make the horse unsound," ought to have said, "should enlarge to make the horse unsound," because that is the language employed in the writing.

But the quotation which counsel here makes from the warranty is not complete. Referring to the instrument mentioned, we find, first, an unequivocal guaranty that no spavin would develop within 10 months; and if a spavin did so develop within that time, it would follow, as a matter of law, that defendant became liable upon his guaranty.

The next sentence does not serve to narrow or detract from the effect of the guaranty. The writing is somewhat awkwardly worded, but, read in the light of the testimony, its meaning and effect are not doubtful. When the parties were negotiating, plaintiff appears to have thought that he discovered a slight enlargement of the animal's left hock, but defendant insisted that there was none. Finally, defendant conceded that possibly there was an enlargement there, but that it was nothing of a serious nature. The sale was finally effected upon the basis of the written agreement: First, that no spavin should appear within 10 months; second, that, even if not a spavin, yet if, as a mere unusual enlargement, it should progress in such manner as to make the horse unsound, the sale might be rescinded upon plaintiff's demand. Upon breach of the guaranty against a spavin, plaintiff was entitled to rescind and return the horse, even though the writing had contained no reference whatever to the progress or increase of the enlargement to a condition of unsoundness. We do not think

it was intended that the liability of defendant should be determined by a tapeline measure of the horse's hock. Had that been the test, a measure would have been taken at the time.

The real thought was that plaintiff should be protected against the development of a spavin on the horse's hock and from other unsoundness which might result from the enlargement if not a spavin. The right of rescission in either event (that is, if there was a breach of the warranty in either respect) would have existed, even if not mentioned in the writing, and the fact that it was mentioned did not serve to limit or change the nature of that right.

It was, therefore, proper for the court, after quoting the written guaranty in full of its statement of the issues, to proceed, and state to the jury what facts or occurrences would operate as a failure of such warranty, and this is what the court did do in the instruction to which the exception is taken, and we think the form of its expression is not erroneous. That part of the agreement reading "if the spavin or enlargement should enlarge to make the horse unsound," carries with it the clear implication on part of the defendant that the horse is not then unsound by reason of the enlargement, and that defendant would hold himself ready for a rescission of the sale, if it should result in unsoundness within the time named.

The substance of plaintiff's claim is that a spavin did develop and unsoundness did result from the enlargement, and that he rescinded his purchase for that reason. The substance of the instruction was that, if the jury found these allegations to be true, then defendant was liable, and this we think is the law.

Counsel for appellant seem to think that the fact that plaintiff knew or suspected that something was wrong with the horse's hock at the time that he made the purchase makes a difference in his right to maintain this action. The fact that he believed or feared the horse was unsound was a very good reason why he should protect himself by obtaining a warranty, and

3. SALES: warranties: patent defect.

there is no rule of law which will deny him the right to rely thereon, or relieve the defendant from the obligation so assumed.

The action is at law, and no exception, save as to the one instruction above considered, has been preserved or argued upon any ruling made on the trial below. There is no claim or argument that the verdict is without ample support in the testimony.

It follows of necessity that the judgment of the district court must be, and it is—*Affirmed.*

EVANS, C. J., DEEMER and PRESTON, JJ., concur.